IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00645-MSK-BNB

JOSE C. ALFARO, and
MARTHA ALFARO,

    Plaintiffs,

v.

GENERAL MOTORS CORPORATION,
DELCO ELECTRONICS CORPORATION,
DELPHI AUTO SYSTEMS, f/k/a INLAND FISHER GUIDE,
JOHN DOE, and
JOHN DOE, INC.

    Defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSING THE PLAINTIFFS' CLAIMS AGAINST GENERAL MOTORS CORPORATION

THIS MATTER comes before the Court on Defendant General Motors Corporation's ("GMC") Motion for Summary Judgment **(#59)** filed July 21, 2006, to which the Plaintiffs have filed no response. Also before the Court is GMC's motion requesting an expedited ruling on the motion for summary judgment **(#63)**, to which the Plaintiffs responded **(#65)** and GMC replied **(#66)**. Having considered these motions, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Issue Presented

The Plaintiffs, Jose and Martha Alfaro, assert three state law claims against Defendant GMC. All claims are premised upon injuries sustained by Mr. Alfaro while riding in the passenger seat of a 2000 Chevrolet Silverado. These are: (1) strict manufacturer liability; (2) negligent design, manufacture, installation, testing and inspection of the vehicle; and (3) breach of the implied warranty of merchantability. The issue presented by the motion for summary judgment is whether a trial is required on any of these claims.

## III.  Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law determines what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

However, if the moving party does not have the burden of proof at trial, it may point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Thomas v. IBM*, 48 F.3d 478, 485 (10th Cir. 1995).

## IV.  Analysis

GMC's summary judgment motion falls into both categories. In the first category, GMC contends that it is entitled to judgment based on its affirmative defense that the Plaintiffs' claims are barred by the applicable statute of limitations. On this defense, GMC bears the burden of proof under Colorado law. *See Welsch v. Smith,* 113 P.3d 1284, 1289 (Colo. App. 2005). As to the Plaintiffs' claims, the motion falls into the second category. With respect to these claims, the Plaintiffs have the burden of proof. *See Mile Hi Concrete, Inc. v. Matz,* 842 P.2d 198, 205 (Colo. 1992).

The Court begins with the Plaintiffs' claims. GMC contends that the Plaintiffs cannot prove all of the elements of their three claims. To avoid dismissal of their claims, the Plaintiffs must come forward with sufficient, competent evidence to create a triable issue of fact. *See Thomas*, 48 F.3d at 485. The Plaintiffs filed no response to GMC's summary judgment motion.

The Court notes that in objecting to GMC's motion for expedited consideration, the Plaintiffs argue that summary judgment should not enter because GMC has not met its burden of production and because the evidence submitted with the summary judgment motion is not competent. **(Response, #65)**. Treating this as a response to the motion for summary judgment, the Court observes that this argument arguably addresses GMC's defense, but it fails to satisfy the Plaintiffs' burden to produce evidence with respect to their claims.

The Plaintiffs have failed to produce any evidence in support of their claims. Accordingly, there is no *prima facie* claim that requires either a trial or consideration of GMC's affirmative defense.

**IT IS THEREFORE ORDERED** that Defendant GMC's Motion for Summary Judgment **(#59)** is **GRANTED**. All claims against Defendant GMC are dismissed, with prejudice. The motion for expedited consideration **(#63)** is **DENIED**, as moot. The caption shall be amended to delete reference to General Motors Corporation.

Dated this 17th day of October, 2006

**BY THE COURT:**

*Marcia S. Krieger*
_____
Marcia S. Krieger
United States District Judge