IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00645-MSK-BNB

JOSE C. ALFARO, and
MARTHA ALFARO,

    Plaintiffs,

v.

GENERAL MOTORS CORPORATION,[1]
DELCO ELECTRONICS CORPORATION,
DELPHI AUTO SYSTEMS, f/k/a INLAND FISHER GUIDE,
JOHN DOE, and
JOHN DOE, INC.

    Defendants.

## ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO REVIEW AND MODIFY COSTS

THIS MATTER comes before the Court on a Motion to Review and Modify Costs **(#93)** filed by Defendant General Motors Corporation ("GMC") on January 31, 2007. The Plaintiffs have filed no timely response in opposition. Having considered the motion, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiffs, Jose and Martha Alfaro, asserted product liability claims against Defendant GMC premised upon injuries sustained by Mr. Alfaro while riding as a passenger in a 2000 Chevrolet Silverado. On October 17, 2006, the Court granted Defendant GMC's motion for summary judgment after the Plaintiffs failed to submit evidentiary support for their claims. The

---

[1] For purposes of this ruling only, Defendant General Motors Corporation is added back into the caption.

Court subsequently entered a judgment in favor of Defendant GMC and against the Plaintiffs pursuant to Fed. R. Civ. P. 54(b), and directed that Defendant GMC could recover its costs upon the filing of a bill of costs with the Clerk of Court.

GMC filed a bill of costs **(#89)** in which it requested a total of $11,695.08 in costs, as follows: $255.74 for witness fees under 28 U.S.C. § 1821; $1,310.49 for exemplification and copies of papers necessarily used in this case under 28 U.S.C. § 1920(4); $10,028.55 for costs incident to taking depositions under 28 U.S.C. § 1920(2); and $100 for an interpreter under 28 U.S.C. § 1920(6). The Clerk of Court awarded GMC $1,969.50 for costs incident to taking the deposition of William Broadhead (one of the Plaintiffs' experts), but rejected the remainder of GMC's request. GMC now asks the Court to modify that award to include all of the costs requested in its bill of costs.

**I. Deposition Costs**

GMC seeks to recover transcription costs it incurred with regard to depositions taken during this case, as follows:

| **Amount** | **Deponents** |
|---|---|
| $579.61 | Corporal Kirk Preston – the investigating officer at the accident scene. |
| $62.35 | Manuel Salas – the first person to arrive at the rest stop after the accident. |
| $182.75 | Gorgonia Diaz – the driver of the Silverado at the time of the accident. |
| $938.75 | Plaintiff Jose Cano Alfaro (Vol. 1 of transcript). |
| $69.70 | Dr. Robert Madayag – a doctor with information about the medical condition of Plaintiff Jose Alfaro after the accident. |
| $1,006.73 | Both Plaintiffs in this case (Vol. 2 of Mr. Alfaro's transcript). |
| $125.05 | Dr. Bradley Simon – an emergency room doctor with information about the medical condition of Mr. Alfaro after the accident. |

| | |
|---:|:---|
| $232.50 | Dr. David Patterson – an emergency room doctor with information about the medical condition of Mr. Alfaro after the accident. |
| $192.20 | Dr. Edward Parks – a doctor who saw Mr. Alfaro with regard to his shoulder complaint. |
| $192.20 | Dr. Armodios Hatzidakis – a doctor who operated on Mr. Alfaro's shoulder. |
| $764.61 | Patrick Renfro – the Plaintiffs' rehabilitation expert witness. |
| $2,001.45 | Dennis Shanahan – the Plaintiffs' biomechanics expert witness. |
| $1,711.45 | Thomas Feiereisen – the Plaintiffs' accident reconstruction expert. |

In support of this request, GMC principally relies upon the Tenth Circuit's decisions in *Callicrate v. Farmland Industries, Inc.,* 139 F.3d 1336 (10th Cir. 1998), and *Allison v. Bank One-Denver*, 289 F.3d 1223 (10th Cir. 2002). GMC has submitted an affidavit from its counsel, Charles Casteel, who states that, at the time the depositions were taken, each deponent was likely to be a witness at trial, and their depositions appeared to be necessary based upon the claims asserted and damages sought.

Pursuant to 28 U.S.C. § 1920(2), "A judge or clerk of any court of the United States may tax as costs the . . . [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case[.]" A deposition might be necessarily obtained for use in the case even if it was not used to support, or defend against, a dispositive motion. *See Callicrate*, 139 F.3d at 1339-40 (considering taxation of costs under 28 U.S.C. § 1919). The reasonable necessity of an expense should be judged at the time when the expense was incurred. *Id.* at 1340. "As long as the taking of the deposition appeared to be reasonably necessary at the time it was taken, barring other appropriate reasons for denial, the taxing of such costs should be approved." *Allison*, 289 F.3d at 1249 (citing *Callicrate* and considering taxation of costs under 28 U.S.C. § 1920). However, as the Tenth Circuit explained in *Furr v. AT & T Technologies,*

3

*Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987), depositions which are taken solely for purposes of discovery cannot be taxed as costs. It is within a court's discretion to determine whether the party requesting an award of costs has provided an adequate explanation for the necessity of the expenses it incurred. *See Allison*, 289 F.3d at 1249

The Court denies GMC's request for taxation of additional deposition costs – not because they did not use the transcripts in conjunction with a dispositive motion, but because they have not objectively established that the depositions were taken for any purpose apart from discovery. The depositions taken by GMC were of people disclosed by the Plaintiffs as having relevant information and consisted of the Plaintiffs, their experts, Mr. Alfaro's treating physicians, or investigators or witnesses of the automobile accident. GMC has made no specific proffer as to why it believed, when it took these depositions, that the depositions would be necessary to its defense. Therefore, GMC's request for taxation of additional deposition costs is denied.

**II.  Witness Fees**

GMC asks for an award of $255.74 in witness fees under 28 U.S.C. § 1821. This amount breaks down as follows:

| Amount | Reason |
| --- | --- |
| $147.74 | Mileage paid to Corporal Kirk Preston of the Colorado State Patrol for 332 miles of travel between Burlington and Denver, Colorado, for purposes of taking his deposition. |
| $40 | Witness fee paid to Corporal Preston for purposes of taking his deposition. |
| $40 | Fee paid for service of subpoena on Shelter Mutual Insurance Company. |
| $28 | Fee paid for service of subpoena on Gorgonia Diaz. |

Pursuant to 28 U.S.C. § 1920(2), "A judge or clerk of any court of the United States may

tax as costs the . . . [f]ees and disbursements for . . . witnesses[.]" In addition, a witness' normal travel expenses are taxable as costs under 28 U.S.C. § 1920. 28 U.S.C. § 1821(c)(4).

Under 28 U.S.C. § 1821(a)(1), a witness who is "before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section." Such fees include an attendance fee of $40 per day and mileage expenses. 28 U.S.C. § 1821(b) & (c). Calculation of mileage is based upon what federal employees would be paid under the mileage allowance prescribed by the Administrator of General Services.[2] 28 U.S.C. § 1821(c)(2).

The travel expenses of Corporal Preston (mileage of $147.74) are taxable as costs, as is the $40 witness fee paid to Corporal Preston. Therefore, the Court will modify the award of costs upward by the sum of $187.74. However, GMC has pointed the Court to no authority for awarding fees for service of deposition subpoenas, and the Court is aware of none. Therefore, the Court declines to award GMC its costs of serving the subpoenas.

### III. Exemplification and Copies

GMC seeks to recover $1,310.49 for photocopies of Mr. Alfaro's medical records which it provided to its experts to aid them in forming their opinions. In support, it has submitted receipts for the medical records it purchased, as well as the affidavit of Mr. Casteel, who states that GMC needed the records in order to prepare GMC's defense because Mr. Alfaro's medical condition was at issue.

Pursuant to 28 U.S.C. § 1920(4), "A judge or clerk of any court of the United States may

---

[2] On the date of Corporal Preston's deposition (2/7/06), the applicable mileage rate was $.445 per mile.

tax as costs the . . . [f]ees for exemplification and copies of papers necessarily obtained for use in the case[.]" The movant bears the burden of proving that the copies it obtained meet this standard. *See Case v. Unified School Dist. No. 233,* 157 F.3d 1243, 1258 (10th Cir. 1998).

Here, GMC has provided receipts for the medical records it purchased. The receipts show that the number of pages copied exceeds 2,000. Records were obtained from numerous medical providers, including A.N. Carr, M.D., Steven Gulevich, M.D., American Medical Response, St. Anthony Central Hospital, the Kit Carson County Memorial Hospital, Kenneth Austin, M.D., and many more. It is impossible to discern from many of these records whether the medical providers treated Mr. Alfaro before or after the accident which led to his product liability claims, or what type of treatment they provided. Thus, GMC has not met its burden of showing that the records it obtained were necessary for its defense. Therefore, the Court denies GMC's request for an award of costs incurred in purchasing these medical records.

## IV.  Interpreter Costs

GMC seeks to recover $100 which it paid to an interpreter in conjunction with the depositions taken of Gorgonia Diaz and Manuel Salas, who spoke Spanish rather than English as their primary language.

Pursuant to 28 U.S.C. § 1920(6), "A judge or clerk of any court of the United States may tax as costs the . . . [c]ompensation of interpreters[.]" This provision is not limited to interpreters used at trial, and it does not prohibit recovery of amounts expended in taking the deposition of a witness. Therefore, the Court awards GMC the $100 it paid for interpreter services.

**IT IS THEREFORE ORDERED** that:

(1)   GMC's Motion to Review and Modify Costs **(#93)** is **GRANTED**, in part, and

**DENIED**, in part.

(2)    The Court awards GMC an additional $287.74 in costs, for a total award of $2,257.24 in costs.

Dated this 16th day of March, 2007

                    **BY THE COURT:**

                    Marcia S. Krieger
                    United States District Judge